[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15291
Non-Argument Calendar

_____

D. C. Docket No. 05-00099-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MITCHELL BENT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 9, 2006)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Antonio Mitchell Bent appeals his 135-month concurrent sentences imposed

after he pled guilty to these offenses that took place while he was aboard a vessel subject to the jurisdiction of the United States: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. app. § 1903(a), (g), (j); and (2) possession with intent to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), and 46 U.S.C. app. § 1903(a), (g). After review, we affirm Bent's sentences, but remand for the district court to correct a clerical error in the judgment.

## I. BACKGROUND

In February 2005, a United States Coast Guard helicopter spotted and eventually disabled the engine of a forty-foot "go-fast" boat in international waters near Colombia. Upon boarding, the Coast Guard discovered 55 bales of cocaine in the boat's hold, with each bale containing 30 kilograms of cocaine for a total of 1,650 kilograms. The boat had four crew members, including Bent.

Bent and his three co-defendants pled guilty to both counts. The presentence investigation report ("PSI") recommended a total offense level of 33 and a criminal history category of I, resulting in a recommended Guidelines range of 135 to 168 months' imprisonment. Bent's written objections to the PSI argued, inter alia, that he was entitled to a mitigating role reduction. The district court overruled Bent's

2

mitigating role objection, finding that (1) Bent's job on the go-fast boat was, other than the captain, no different than any other crew member, (2) the district court had not been made aware that Bent had been paid anything different than other members, (3) the go-fast boat had contained an extremely large amount of drugs, and (4) Bent was being held accountable for only the drugs found on the go-fast boat.

Bent also argued for a sentence below the advisory Guidelines range based on his young age and family ties. The district court noted the advisory Guidelines range of 135 to 168 months' imprisonment. The district court stated that it had considered any reasons given for a non-Guidelines-range sentence based on the 18 U.S.C. § 3553(a) factors. The district court then imposed 135-month sentences, at the low end of the Guidelines range. This appeal followed.

## II. DISCUSSION

### A.    Mitigating Role

We review for clear error a district court's determination of a defendant's qualification for a role reduction. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence.[1] Id. at 939. Two principles guide

---

[1]Pursuant to U.S.S.G. § 3B1.2, a defendant is entitled to a four-point decrease in his offense level if he was a minimal participant, and a two-point decrease if he was a minor participant.

a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense. Id. at 940-45. When the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable. Id. at 941. In addition, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id. at 944.

Here, the district court did not clearly err in refusing to give Bent a mitigating role reduction. As to the first prong of De Varon, the district court held Bent accountable for only the 1,650 kilograms of cocaine found on the go-fast boat. Therefore, Bent's relevant conduct and his actual conduct were the same, and he did not play a minor role in that conduct.

As to the second prong of De Varon, the record indicates that the boat

---

Whether a defendant qualifies for a decrease is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n.3(C). A "minimal participant" is someone who is "plainly among the least culpable of those involved in the conduct of a group." Id. at cmt. n.4. A "minor participant" is a person who is "less culpable than most other participants, but whose role could not be described as minimal." Id. at cmt. n.5.

contained a large amount of cocaine and that Bent was one of only four crew members on the boat. See id. at 945 (listing as relevant factors, inter alia, the amount of drugs involved). Bent has filed to establish that he was less culpable than his co-defendants.[2]

B. **Booker Reasonableness**

After the Supreme Court's decision in United States v. Booker, a district court, in determining a reasonable sentence, must consider the advisory Guidelines range and the sentencing factors in 18 U.S.C. § 3553(a). See 543 U.S. 220, 258-63, 125 S. Ct. 738, 764-66 (2005); United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review a defendant's sentence for unreasonableness in light of the factors in § 3553(a) and the reasons given by the district court. United States v. Williams, 435 F.3d 1350, 1354-55 (11th Cir. 2006).[3]

We conclude that Bent's concurrent sentences are not unreasonable. The 135-month sentences are at the low end of the advisory Guidelines range and below the statutory maximum term of life imprisonment. See 21 U.S.C. §

---

[2]We reject as without merit Bent's argument, made for the first time on appeal and without evidentiary support, that the district court engages in a "practice" of sentencing all defendants in drug cases to the same sentence. We note that the record reveals that the district court undertook an individualized assessment of Bent's role in his offense.

[3]The government argues that we should review only for plain error because Bent failed to object to his sentence as unreasonable after it was imposed. We need not address this issue because, even under a reasonableness standard, Bent's appeal fails.

5

960(b)(1). The district court stated that it had considered the § 3553(a) factors and the reasons advanced by Bent for a non-Guidelines-range sentence, including his family circumstances, his age and his lack of employment opportunities at home. Nothing in the record convinces us that Bent's 135-month sentence is unreasonable.[4]

For all of the above reasons, we affirm Bent's sentences. However, we note that Bent's judgment and commitment order contains a clerical error in that it transposes the relevant subsections of 46 U.S.C. app. § 1903 with regard to each count in the indictment. Accordingly, we remand to the district court with instructions to correct the clerical error contained in Bent's judgment and commitment order.

**AFFIRMED IN PART; REMANDED IN PART.**

---

[4]Bent argues that his sentence is unreasonable because it is higher than the 108-month sentence received by one of his co-defendants, Dawkins Whittaker. However, the district court granted Whittaker substantial assistance relief pursuant to U.S.S.G. § 5K1.1.